THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON K. FRANCISCO,<br><br>        Plaintiff,<br><br>   v.<br><br>MEGAN J. BRENNAN, *et al.*,<br><br>        Defendants. | CASE NO. C19-0915-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On June 17, 2019, United States Magistrate Judge Michelle L. Peterson granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 2.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. Federal Rule of Civil Procedure 8 provides that, in order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Conclusory allegations of law and unwarranted factual inferences are not sufficient to state a

claim. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Dismissal is appropriate if a complaint fails to put forth "a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff's complaint does not contain grounds showing that he is entitled to relief. (*See* Dkt. No. 6.) Plaintiff submitted a 192-page incomprehensible complaint. (*See id.*) In some places, it appears that Plaintiff alleges that he was discriminated against. (*See id.*) In others, it appears he alleges that a medical facility poisoned him and caused him to be infected with parasites that move in his body. (*See id.*) In order to state a cognizable claim for relief, Plaintiff must submit a short and plain statement of the alleged misconduct, supported by facts and presented in a chronological, comprehensible manner. It is inappropriate for Plaintiff to submit all evidence of his claim at this stage.

Although the Court finds that the complaint fails to state a claim upon which relief can be granted, it will not dismiss a claim unless "it is absolutely clear that no amendment can cure the [complaint's] defect[s]." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Accordingly, the Court ORDERS that Plaintiff file an amended complaint no later than 21 days from the date of this order. In his amended complaint, Plaintiff must provide the Court with a short and plain statement of his claim, supported by facts. He must also show how each Defendant is liable for the underlying conduct. The Clerk is DIRECTED to mail a copy of this order to Plaintiff. The Clerk is DIRECTED to re-note Plaintiff's motion to appoint counsel (Dkt. No. 7) to September 9, 2019.

DATED this 19th day of August 2019.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk